IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MATTHEW T. FISHER,**

                              Petitioner,

            v.                                  CASE NO. 22-3106-SAC

**DAN SCHNURR,**

                              Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the Court on Petitioner Matthew T. Fisher's petition, filed May 26, 2022. The Court has conducted an initial review of the amended petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that this matter was not filed within the applicable statute of limitations. Therefore, the Court will direct Petitioner to show cause why the matter should not be dismissed as time-barred.

**Background**

In 2013, a jury in Lyon County, Kansas, convicted Petitioner of attempted second-degree murder and criminal damage to property and the state district court sentenced him to 247 months in prison. *State v. Fisher*, 304 Kan. 242, 243, 248 (2016)(*Fisher I*), *disapproved of on other grounds by State v. Randle*, 311 Kan. 468, 472 (2020); (Doc. 1, p. 1). Petitioner pursued a direct appeal and the Kansas Supreme Court (KSC) affirmed his conviction in an opinion

filed on April 22, 2016.[1] Petitioner did not file a petition for certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

According to the petition now before this Court, on March 14, 2017, Petitioner filed in Lyon County District Court a motion for postconviction relief under K.S.A. 60-1507. (Doc. 1, p. 3.) The district court dismissed the motion and, in an opinion filed July 2, 2020, the Kansas Court of Appeals affirmed the dismissal. *Fisher v. State*, 2020 WL 3579875, *1 (Kan. Ct. App. 2020) (*Fisher II*). The online records of the Kansas Appellate Courts reflect that Petitioner filed a petition for review with the KSC, which was denied on March 15, 2021.

On May 26, 2022, Petitioner filed in this Court his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) He raises two grounds for relief: insufficient evidence to support his conviction for attempted second-degree murder and ineffective assistance of trial counsel.

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the

---

[1] The Court notes that the petition in this matter reflects that the KSC denied review in Petitioner's direct appeal. (Doc. 1, p. 2.) This assertion is contradicted by the KSC's opinion in Petitioner's direct appeal, examining the issues raised and affirming the convictions and sentence. *See Fisher I*, 304 Kan. 242 (2016). In that opinion, the KSC also rejected Petitioner's claim that his sentence was illegal because his criminal history score was improperly calculated. *Id.* at 263-64.

>  conclusion of direct review or the expiration of the time for seeking such review;
> 
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
> 
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the United States Supreme Court allow ninety days from the date of the conclusion of direct appeal in state courts for an individual to file in the United States Supreme Court a petition for writ of certiorari, which is a request for review by the United States Supreme Court. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period begins to run when the time for filing certiorari petition expires."

*United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003).

In this matter, the KSC issued its opinion in Petitioner's direct appeal on April 22, 2016. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, so his convictions became final the day after the expiration of the time to file that petition: July 21, 2016. At that time, the one-year federal habeas limitation period began to run.

The statute also contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Thus, when Petitioner filed his 60-1507 motion on March 14, 2017, the one-year federal habeas limitation period was tolled, or paused. At that point, approximately 235 days of the year had expired, leaving approximately 130 days remaining.

The proceedings on the 60-1507 motion concluded when the KSC denied review on March 15, 2021, and the one-year federal habeas limitation period resumed. It expired approximately 130 days later, on or around July 24, 2021. Yet Petitioner did not file this federal habeas petition until May 26, 2022. In the section of the petition that addresses timeliness, Petitioner wrote "N/A." (Doc. 1, p. 13.) But even liberally construing the information now before the Court, it appears that the matter was untimely filed.

The one-year limitation period is subject, however, to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently

pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

In addition, there is an exception to the one-year federal habeas limitation period that applies in cases of actual innocence. To obtain the actual innocence exception to the federal habeas limitation period, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

If Petitioner wishes to assert the actual innocence exception, he must identify for the Court the "new reliable evidence" that was not presented at trial that he believes makes it "more likely than

not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."

**Conclusion**

As explained above, the petition currently before the Court was not timely filed and is subject to dismissal unless Petitioner can demonstrate grounds for additional statutory tolling or equitable tolling or establish that the actual innocence exception to the time limitation applies. Therefore, the Court will direct Petitioner to show cause why his petition should not be dismissed as time-barred. If Petitioner successfully does so, the Court will continue with its review of the amended petition as required by Rule 4 and issue any further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including July 1, 2022, in which to show cause, in writing, to the Honorable Sam. A. Crow, United States District Judge, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation.

**IT IS SO ORDERED.**

DATED:  This 31st day of May, 2022, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge