**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MATTHEW T. FISHER,**

                  **Petitioner,**

      v.                                                      **CASE NO. 22-3106-SAC**

**DAN SCHNURR,**

                  **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

     This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and directed Petitioner to show cause why this matter should not be dismissed as untimely filed. (Doc. 3.) Petitioner has filed his response (Doc. 4) and the Court concludes that for the purposes of Rule 4 review, Petitioner has shown grounds for equitable tolling. If Respondent wishes to raise the affirmative defense of timeliness at a later date, he may do so. For the reasons explained below, the Court directs Petitioner to show-cause why Ground One of his petition should not be dismissed as procedurally defaulted.

**Background**

     In 2013, a jury in Lyon County, Kansas, convicted Petitioner of attempted second-degree murder and criminal damage to property and the state district court sentenced him to 247 months in prison.

*State v. Fisher*, 304 Kan. 242, 243, 248 (2016)(*Fisher I*), *disapproved of on other grounds by State v. Randle*, 311 Kan. 468, 472 (2020); (Doc. 1, p. 1). Petitioner pursued a direct appeal and the Kansas Supreme Court (KSC) affirmed his conviction in an opinion filed on April 22, 2016.[1] Petitioner did not file a petition for certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

According to the petition now before this Court, on March 14, 2017, Petitioner filed in Lyon County District Court a motion for postconviction relief under K.S.A. 60-1507. (Doc. 1, p. 3.) The district court dismissed the motion and, in an opinion filed July 2, 2020, the Kansas Court of Appeals affirmed the dismissal. *Fisher v. State*, 2020 WL 3579875, *1 (Kan. Ct. App. 2020) (*Fisher II*), *rev. denied* Mar. 15, 2021. The online records of the Kansas Appellate Courts reflect that Petitioner filed a petition for review with the KSC, which was denied on March 15, 2021.

On May 26, 2022, Petitioner filed in this Court his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) He raises two grounds for relief: insufficient evidence to support his conviction for attempted second-degree murder and ineffective assistance of trial counsel.

**Timeliness**

The Court conducted an initial review of the petition as required by Rule 4 and concluded that this matter appeared to have

---

[1] The Court notes that the petition in this matter reflects that the KSC denied review in Petitioner's direct appeal. (Doc. 1, p. 2.) This assertion is contradicted by the KSC's opinion in Petitioner's direct appeal, examining the issues raised and affirming the convictions and sentence. *See Fisher I*, 304 Kan. 242 (2016). In that opinion, the KSC also rejected Petitioner's claim that his sentence was illegal because his criminal history score was improperly calculated. *Id.* at 263-64.

been untimely filed. In summary, the KSC issued its opinion in Petitioner's direct appeal on April 22, 2016. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, so his convictions became final the day after the expiration of the time to file that petition: July 21, 2016. At that time, the one-year federal habeas limitation period began to run. When Petitioner filed his 60-1507 motion on March 14, 2017, the one-year federal habeas limitation period was tolled, or paused. *See* 28 U.S.C. § 2244(d)(2). At that point, approximately 235 days of the year had expired, leaving approximately 130 days remaining.

The proceedings on the 60-1507 motion concluded when the KSC denied review on March 15, 2021, and the one-year federal habeas limitation period resumed. It expired approximately 130 days later, on or around July 24, 2021. Yet Petitioner did not file this federal habeas petition until February 23, 2022.[2] Thus, the Court issued an order directing Petitioner to show cause why this matter should not be dismissed as untimely. (Doc. 3.)

Petitioner filed his response on June 16, 2022. (Doc. 4.) Because Petitioner proceeds pro se, the Court liberally construes his filings, but will not advocate for Petitioner or make arguments on his behalf. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Milton v. Miller*, 812 F.3d 1252, 1263 n. 17 (10th Cir. 2016) (A "pro se petition should be construed liberally, but 'we will not

---

[2] In its order to Petitioner, the Court stated that the petition was filed on May 26, 2022, which is the date the Court received the petition. (See Doc. 1, 3.) However, Petitioner submitted the document to prison officials for mailing on February 23, 2022. (Doc. 1, p. 14.) Under the prison mailbox rule, for purposes of calculating the timeliness of this matter, the Court treats the petition as if it were filed on February 23, 2022. *See Marsh v. Soares*, 223 F.3d 1217, 1217 & n.1 (10th Cir. 2000).

rewrite a petition to include claims that were never presented.' [Citation omitted.]").

In his response, he argues that the actual innocence exception to the one-year federal habeas limitation period applies in this situation. (Doc. 4, p. 2-3.) But his actual innocence argument rests on a failure to provide a jury instruction. *Id.* As explained in the Court's previous order, to show entitlement to the actual innocence exception, Petitioner must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). Petitioner has not identified any such new evidence; thus, he has not shown entitlement to the actual innocence exception.

Petitioner also, however, asserts that he is entitled to equitable tolling. He alleges that beginning in "mid-2020" and continuing through the COVID-19 pandemic, "all staffing of unit team counselors, library staff, mail, and any other staff not relating to specific security only was moved to remote operations," which severely limited his ability to send or receive mail. (Doc. 4, p. 1.) He also alleges that library staff was not present, so his ability to file documents with the Court was "suspended," and no prison staff member was available to assist with legal research or e-filing. *Id.*

Moreover, according to Petitioner, the sole staff member at Hutchinson Correctional Facility, where Petitioner is incarcerated, who assists with legal research, writing legal documents, and filing them is located in the East Unit. *Id.* at 2. Petitioner informs the Court that the East Unit was under construction until recently, so inmates such as Petitioner were unable "to compose, print, copy and/or file legal matters." *Id.* When operations resumed at the East Unit, the staff member went on vacation, which further limited Petitioner's ability to submit his petition to the Court. *Id.* In addition, he asserts that the "law computer" is broken. *Id.* at 3. Petitioner asserts that he has submitted three Form 9's to staff in an attempt to obtain evidence of the pandemic-related restrictions on his ability to file his federal petition, but he was advised that he likely would not receive a reply because the information he requested pertained to the "'safety and security of the prison.'" *Id.*

Finally, Petitioner alleges that when he asked staff about filing his § 2254 petition in this Court, prison staff "advised [him] that all timelines were suspended until further notice and [he] would be advised when Court operations returned to normal" and he could file his petition. *Id.* at 2. Prison staff provided Petitioner with a copy of the administrative orders the Kansas Supreme Court issued suspending deadlines in the Kansas state courts. *Id.* When Petitioner told prison staff that he believed that suspension was only applicable to state courts, he was told "that the Facility operates under Kansas [law] and these specific Administrative Orders are what KDOC is bound to follow." *Id.*

5

Petitioner's argument for equitable tolling is persuasive. For the limited purpose of surviving initial screening under Rule 4[3], the Court will accept Petitioner's contention that equitable tolling renders this matter timely. Accordingly, as the Court advised Petitioner in its prior order, the Court will continue with its review of the petition.

**Exhaustion**

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas Court of Appeals or the Kansas Supreme Court[4] and that court must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-

---

[3] If this matter progresses to the point where Respondent files an answer to the petition, however, Respondent may at that time raise the affirmative defense of timeliness under 28 U.S.C. § 2244(d).

[4] "In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, a party is not required to petition for Supreme Court review under Rule 8.03 from an adverse decision of the Court of Appeals to exhaust all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies." Kan. S. Ct. R. 8.03B(a). Because Petitioner's direct appeal was final prior to July 1, 2018 but his K.S.A. 60-1507 was not, exhaustion of issues in the direct appeal required a petition for Kansas Supreme Court review, but exhaustion of issues in the 60-1507 proceeding did not.

76 (1971); Kansas Supreme Court Rule 8.03B(a). This exhaustion requirement is designed to give the state courts a full and fair opportunity to resolve any federal constitutional claim before such a claim is presented to the federal courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

**Ground One**

In Ground One, Petitioner argues that there was insufficient evidence to support his convictions. (Doc. 1, p. 5.) More specifically, he contends that the State presented only circumstantial evidence and there was no evidence that his victim was attacked or beaten, no credible witness testimony about the crime, and no testimony or photographic evidence that the victim was grabbed violently or with murderous intent. *Id.* To his credit, Petitioner acknowledges that he did not raise this issue in his direct appeal, but he asserts that he raised it to the best of his ability in his K.S.A. 60-1507 motion. *Id.*

In its opinion resolving Petitioner's 60-1507, the Kansas Court of Appeals identified the sole issue before it as whether trial counsel was ineffective, not whether the evidence at trial was sufficient to support Petitioner's convictions. *Fisher II*, 2020 WL 3579875 at *2. Thus, it does not appear that Petitioner raised Ground One to the Kansas Court of Appeals. Because he did not do so, Ground One is unexhausted.

7

**Ground Two**

In Ground Two, Petitioner asserts that he received ineffective assistance of counsel because trial counsel: (1) did not have a defense strategy; (2) called only Petitioner to testify; (3) failed to make timely objections; (4) failed to investigate evidence to plan a strategy; (5) failed to impeach a testifying state witness with her criminal history or to introduce her military history into evidence; (6) failed to introduce testimony to support a self-defense theory; (7) failed to point out the lack of physical evidence that supported the prosecution's theory; and (8) failed to admit evidence of Petitioner's bruised elbow, which was part of the self-defense theory. (Doc. 1, p. 6.) Petitioner again concedes that he did not raise these arguments in his direct appeal, but he asserts that he raised them in his K.S.A. 60-1507 proceeding. *Id.* at 7.

The Kansas Court of Appeals stated: "Before the district court, Fisher alleged three ways or areas in which his trial counsel was ineffective. Because Fisher only appeals the district court ruling as it relates to voluntary intoxication as a defense, we address only that claim." *Fisher II*, 2020 WL 2579875 at *1. When a petitioner raises a claim of ineffective assistance of counsel in the state court but "based it on different reasons than those expressed in his [federal] habeas petition," the bases which were not alleged in the state court have not been exhausted. *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999). Here, although Petitioner raised ineffective assistance of counsel to the Kansas Court of Appeals in his K.S.A. 60-1507 proceeding, he based his

8

claim of ineffective assistance on grounds other than those he now identifies in his § 2254 petition. Accordingly, the arguments in Ground Two have not been exhausted.

**Anticipatory Procedural Default**

"Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies. However, dismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). K.S.A. 60-1507(c) states: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 60-1507(f) sets forth the one-year time limitation on filing 60-1507 motions. If Petitioner returned to state court to file another 60-1507 motion to pursue the issues raised in Grounds One and Two, it would be a successive motion for similar relief on Petitioner's behalf. Moreover, the Court knows of no other procedural avenue by which Petitioner could now exhaust his claims in state court.

Where a petitioner fails to present a claim in the state courts, and would be procedurally barred from presenting it if he returned to state court, there is an anticipatory procedural bar which prevents the federal court from addressing the claim. *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). A petitioner's unexhausted claim that is barred by anticipatory procedural default cannot be considered in habeas corpus unless he establishes cause

and prejudice for his default of state court remedies or establishes a fundamental miscarriage of justice. *Gray v. Netherland*, 518 U.S. 152, 162 (1996).

To demonstrate cause for the procedural default, petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). A petitioner also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. If a petitioner fails to demonstrate cause, the Court need not consider whether he can establish prejudice. *See Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995).

A procedural default also may be excused if a petitioner can show that the failure to consider the defaulted claim would result in a fundamental miscarriage of justice. To proceed under this exception, a petitioner "must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000). A petitioner seeking relief under a defaulted claim and asserting a claim of innocence must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' " *House v. Bell*, 547 U.S. 518, 536-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327

(1995)).

Accordingly, the Court will direct Petitioner to explain why this matter should not be summarily dismissed due to his failure to exhaust his claims and the resulting anticipatory procedural default. Petitioner may show either cause and prejudice or show that review of his arguments in this matter is required to avoid a fundamental miscarriage of justice. If Petitioner fails to make this showing or fails to file a timely response, this matter may be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including July 21, 2022, in which to show cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why the Court should not dismiss this matter for failure to exhaust and because the claims herein are procedurally defaulted.

**IT IS SO ORDERED.**

DATED:  This 21st day of June, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge