**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MATTHEW T. FISHER,**

                            **Petitioner,**

         **v.**                                         **CASE NO. 22-3106-SAC**

**DAN SCHNURR,**

                            **Respondent.**

<u>**MEMORANDUM AND ORDER**</u>

      This matter comes before the Court on pro se Petitioner Matthew T. Fisher's motion to appoint counsel (Doc. 6) and his "Request for Continuance, and Stay of Proceedings" (Doc. 7). In addition, Petitioner has filed a letter to the Court (Doc. 8), which the Court has reviewed. For the reasons stated below, the Court will deny without prejudice the motion to appoint counsel and will construe the request for continuance and stay as a motion for extension of time to respond to the Notice and Order to Show Cause (NOSC) and grant Petitioner an additional 2 months to respond.

**Background**

      Petitioner filed the petition in this matter on May 26, 2022. (Doc. 1.) When the Court directed Petitioner to show cause why this matter should not be dismissed as untimely (Doc. 3), Petitioner's response alleged in part that COVID-19 had severely limited his ability to send or receive mail, that his ability to e-file documents with the Court was "suspended," and that no prison staff

1

were available to assist with legal research or e-filing. (Doc. 4, p. 1.) Moreover, Petitioner informed the Court that construction at Hutchinson Correctional Facility (HCF), where Petitioner is incarcerated, left him unable "to compose, print, copy and/or file legal matters." *Id.* at 2. Petitioner also asserted in his response that the "law computer" was broken. *Id.* at 3.

On June 21, 2022, the Court issued a NOSC holding that for purposes of initial review, Petitioner had shown entitlement to equitable tolling of the relevant statute of limitations. (Doc. 5.) The NOSC also directed Petitioner to show cause in writing, on or before July 21, 2022, why the petition should not be dismissed for failure to exhaust and because the claims in this matter are procedurally defaulted. (Doc. 5.) Petitioner has now filed a motion to appoint counsel, a request for continuance and stay of these proceedings, and a letter to the Court. (Docs. 6, 7, and 8.) The Court will first address the request for continuance and stay.

## Analysis

**"Request for Continuance, and Stay of Proceedings" (Doc. 7)**

In his "Request for Continuance, and Stay of Proceedings," Petitioner informs the Court that after he received the NOSC, he attempted to begin legal research on the issues therein, but discovered that HCF continues to have "law computer issues" and that a policy of "no legal printing" has been implemented. (Doc. 7, p. 1.) Petitioner filed a Form-9 request[1] regarding information about the situation and received a response that indicated work

---

[1] In his response, Petitioner indicates that this and other documents were attached to the response, but the documents e-filed with the Court did not have any attachments. (See Doc. 7.)

2

orders are pending regarding the computers and that "no other staff can get legal papers besides the East Unit staff member assigned." *Id.* Since that time, "[t]he operations where our legal research is completed and printed has posted another sign that 'No Legal Papers thru July 10th.'" (Doc. 8, p. 1.)

Petitioner further advises this Court that he received a letter dated June 17, 2022, that indicates that Patrick Lawless of the Appellate Defenders Office was appointed by the district court "through [Petitioner's] Lyon County Case #12-CR-238" to represent him. (Doc. 7, p. 1-2.) Petitioner attempted to call Mr. Lawless but was informed he must use mail for that communication. *Id.* Since that time, Petitioner received notice that Mr. Lawless has moved to withdraw due to a conflict of interest and has requested that other counsel be appointed. *Id.* at 2.

Petitioner advises the Court that under these circumstances, he cannot meet the July 21, 2022 deadline to respond to the NOSC. *Id.* at 2. Thus, he asks the Court for "a continuance and stay of proceedings and all current deadlines occur until adequate counsel can be properly appointed to represent this Petitioner." *Id.* Moreover, Petitioner expresses his wish that his appointed counsel communicate with this Court and make all filings in this Court on his behalf. *Id.*

The Court first notes that it has not appointed counsel to represent Petitioner in this federal habeas matter, nor has any counsel yet entered an appearance in this federal habeas matter on his behalf.[2] Petitioner's current motion to appoint counsel will be

---

[2] Petitioner should confer with any future counsel appointed in his state-court

addressed below.

Because Petitioner proceeds pro se, the Court liberally construes his filings, but will not advocate for him or make arguments on his behalf. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court will liberally construe the request for continuance and stay of proceedings as a motion for extension of time to respond to the Court's NOSC, which will be granted. Petitioner is granted to and including September 21, 2022 to respond to the Court's NOSC issued on June 21, 2022. If circumstances continue to prevent Petitioner from conducting the necessary legal research, he should so inform the Court by filing a motion for extension of time before the time to file a response expires. If Petitioner fails to file either a motion for extension of time or a response to the NOSC on or before September 21, 2022, this matter may be dismissed without further prior notice to Petitioner.

**"Motion to Appoint Counsel" (Doc. 6)**

Petitioner also asks the Court to appoint counsel, again pointing out the impediments noted above that currently hinder his attempts to conduct legal research and adequately plead his case as a pro se petitioner. (Doc. 6, p. 1.) He notes that appointing counsel would alleviate these obstacles and lead to a swifter resolution of this matter. *Id.* As noted above, Petitioner advises the Court that Mr. Lawless was appointed to represent him in Geary County case number 12-CR-238, but has since moved to withdraw.[3] *Id.*

---

matter to clarify whether that attorney also intends to represent his interests in this federal habeas matter.
[3] The Court again urges Petitioner to confer with any future counsel regarding

4

Finally, Petitioner asserts that the issues presented in this federal habeas matter "will require counsel to properly plead and obtain documents, expert witnesses, etc." *Id.*

Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). The Court may appoint counsel if it "determines that the interest of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

Petitioner's situation presents a close call, as he makes a compelling argument that conditions at HCF severely restrict his ability to present his claims. That being said, however, it is not yet clear whether Petitioner's claims are procedurally defaulted or

---

the scope of that representation.

how complex those claims may be. Moreover, the Court remains hopeful that the conditions at HCF will revert to allow Petitioner access to the instruments and individuals necessary to conduct legal research and e-file documents. Because the Court has granted Petitioner an additional 60 days in which to respond to the NOSC, it will deny without prejudice the current motion to appoint counsel. If the external circumstances that impede Petitioner's ability to effectively represent himself continue, he may refile the motion to appoint counsel at a later date and the Court will revisit the issue.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Appoint Counsel (Doc. 6) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's "Request for Continuance, and Stay of Proceedings" (Doc. 7), is construed as a motion for extension of time to respond to the Court's NOSC, and is **granted**. Petitioner is granted to and including September 21, 2022 to file his response to the Court's June 21, 2022 NOSC (Doc. 5).

**IT IS SO ORDERED.**

DATED: This 20th day of July, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge