**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MATTHEW T. FISHER,**

                 **Petitioner,**

      v.                                            **CASE NO. 22-3106-SAC**

**DAN SCHNURR,**

                 **Respondent.**

## MEMORANDUM AND ORDER

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 26, 2022. (Doc. 1.) After resolving a timeliness issue, the Court on June 21, 2022 issued a notice and order to show cause (NOSC) directing Petitioner to show cause why this matter should not be dismissed because the claims in the petition appear unexhausted and subject to anticipatory procedural default. (Doc. 5.) The NOSC advised that if Petitioner "fails to file a timely response, this matter may be dismissed without further prior notice to Petitioner." *Id.* at 11.

Petitioner requested additional time to respond and the Court granted the request, making the response due on or before September 21, 2022. (Doc. 9.) The Court advised Petitioner:

> "If circumstances continue to prevent Petitioner from conducting the necessary legal research, he should so inform the Court by filing a motion for extension of time before the time to file a response expires. If Petitioner fails to file either a motion for extension of time or a response to the NOSC on or before September 21, 2022, this matter may be dismissed without further prior notice to Petitioner."

*Id.* at 4. On September 20, 2022, Petitioner filed a letter to the Court indicating that he intended to meet the deadline. (Doc. 11.) Over a week has now passed since September 21, 2022 and Petitioner has filed nothing further. Thus, the Court will dismiss this matter.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485.

The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Petition is **dismissed**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 29th day of September, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge